## McHugh v. Miners Mills Borough et al.

*Borough — Budget — Annual tax levy — Tie vote in council — Appeals— Equity—Acts of May 11, 1901, and May 14, 1915.*

1. While the Act of May 11, 1901, P. L. 152, contemplates taxation for the year, it does not prohibit doing in one year what should have been done, but, through inaction, was not done in the previous year.

2. A borough budget and tax levy for 1924, not enacted until 1925, on account of an irreconcilable tie in the borough council, is valid.

3. It seems that the remedy by appeal, under the Act of May 14, 1915, P. L. 312, from an ordinance of a borough, does not apply to ordinances relating to taxation.

4. As to such ordinances, the taxpayer may resort to equity for relief.

Bill for injunction. Motion to grant preliminary injunction. C. P. Luzerne Co., March T., 1925, No. 6.

*J. D. Farnham,* for plaintiff.

FULLER, P. J., March 13, 1925.—This case is of a kind uncomfortably common hereabouts, in which the court is compelled to strain the law to the point of fracture in order to protect the public from the action, or inaction, of its servants.

The exigency demands promptness and forbids elaborate discussion of the points involved.

The bill is filed in the name of a taxpayer to restrain the Borough of Miners Mills and its officials from enforcing two certain ordinances enacted at meeting on Jan. 30, 1925, one making a budget and levying tax for the year 1924, and the other authorizing promissory note for loan of $7000 to pay accumulated bills and defray current expenses *pro tem.*

There are six councilmen, divided in two irreconcilable factions of three each, producing councilmanic paralysis and preventing councilmanic action without the casting vote of the burgess, which for months was not available on account of one faction's refusal to attend a meeting, but was finally obtained on a tie vote Jan. 30, 1925, after that faction had been brought in by mandamus from court to attend.

It does not devolve upon us to locate the blame for this deplorable and most reprehensible situation, the proximate cause of the present financial predicament.

We have only to pass upon the validity of said ordinances against the grounds of attack, viz.: (1) General illegality of budget and levy in 1925 for 1924. (2) Specific illegality of certain three items in budget.

Contemporaneous with the bill was filed an appeal in the Quarter Sessions from the ordinance, in order to meet a possible objection that such appeal,

under the Borough Code and decisions thereon, was the exclusive remedy, leaving equity without jurisdiction.

Lack of jurisdiction, however, has not been urged *in limine* or otherwise, but the contrary is conceded, and even if it were urged, we would overrule the contention.

On filing of bill and appeal, we directed that each should be regarded as ancillary to the other, without then deciding whether the remedy by appeal was exclusive.

No restraining order on the appeal, nor injunction on the bill, was granted on faith of assurance by the defendants that the *status in quo* would be maintained, as it has been.

Abundant testimony has been taken, from which we find the following

### Facts.

1. Plaintiff is a taxpayer of Miners Mills Borough and defendants are the individuals officially and otherwise connected with the execution of the ordinances in question.

2. At some time, we are not advised when, for some reason, we are not advised what—religious, political, racial or personal—the six councilmen of the borough split even in two factions of three each, one of which we designate the faction for action, the other the faction for inaction.

The faction for action tried, during the whole of 1924, to put the municipal machinery in motion, but the faction for inaction frustrated the effort by refusing to attend the council meetings. This policy prevented the tie vote on which the burgess might turn the scale. Consequently, no budget was adopted and no taxes were levied during that year.

3. Finally, the faction for action, by mandamus from court, forced the other faction into a meeting on Jan. 30, 1925, when a tie vote resulted in the adoption of two certain ordinances by the deciding vote of the burgess.

4. Copies of those ordinances are attached to the bill, viz.: One ordinance (1) fixing the budget for 1924 in sundry items aggregating $25,480, embracing, *inter alia,* the items, *(a)* road commissioner's salary, $1050; *(b)* road repairs, $6500; *(c)* payment on 1914 bond issue, $2000; (2) levying to meet the budget a general tax of 10 mills and sinking fund tax of 4 mills; the other ordinance authorizing execution of a promissory note for $7000 to a bank to meet accumulated bills and current expenses until the taxes should come in.

These ordinances stand or fall together.

Plaintiff attacks the entire program on the general ground already stated, and attacks the said three items on special grounds, viz.: *(a)* On the ground that the commissioner only served to the extent of $262.50, demanding reduction of $787.50, which is conceded; *(b)* on the ground that the repairs have not yet been made, and, therefore, will be made in 1925; and *(c)* on the ground that the payment has already been made.

5. All of the budget items are necessary and reasonable, both in purpose and in amount.

### Discussion.

1. Plaintiff's central contention is that a budget and levy adopted in 1925 for expenses and liabilities of 1924 is contrary to the Act of May 11, 1901, § 1, P. L. 152, enacting among the powers of the borough, *inter alia:* "xxiv. To levy and collect annually for general borough purposes any tax not exceeding one cent on the dollar on valuation," etc.

No irregularity is urged except the dislocation in time.

McHugh *v.* Miners Mills Borough et al.

The argument is based upon the word "annually" in the provision quoted, which is claimed to indicate legislative contemplation that taxes shall only be levied once in a calendar year for that year, or, to express the point Biblically, sufficient unto the year is the tax thereof.

The point is new, so far as the court or counsel are advised, and no precedent, *pro* or *con*, has been cited.

It is indisputable, of course, that the council are in duty bound to adopt the budget and levy in each year for each year.

This council's failure to function in this vital matter exhibits a most disgraceful and deleterious dereliction on the part of those councilmen whose recalcitrance is responsible for inaction.

But unless the illegality be clear, we should not visit upon the innocent municipality the calamity of a conclusion which would destroy its credit, dry up its resources and inflict upon the plaintiff, as taxpayer, more damage by enjoining than by allowing the tax, whatever amount may fall upon him. The illegality is not clear.

While the statute undoubtedly contemplates taxation for the year in the year, it does not prohibit doing in one year what should have been done, but through inaction was not done, in the preceding year.

On principle, as defined in many analogous precedents, the prescription of time, if it can be called such, is directory, involving a breach of duty, but not mandatory, involving a lack of power.

Construction of the statute should favor, as our construction does, and not injure, as the opposite construction would, the general welfare of the community affected.

We, therefore, decide against the complainant his main contention.

2. We also decide against him the connected specific contention concerning the road item of $6500, that this money will, if collected, be used to pay for repairs not yet made, but intended in 1925.

The repairs are necessary, and failure to make them might put the traveling public in a bad plight, as well as plunge the municipality into disastrous litigation.

3. We also decide against complainant the specific contention concerning the item of $2000 for 1914 bond issue.

It is true the item was paid, but the amount came out of the general fund, and should be restored to the sinking fund, which at the time was depleted.

4. We sustain his contention, which is conceded by defendants, that the item of $1050 for road commissioner should be reduced $787.50 to $262.50.

5. We are not now called upon to decide, and, therefore, do not decide, that the regular taxation for 1925 cannot be made by future action of council.

That North Street bridge need not be crossed until we come to it.

When we do come, it is not unlikely that we will sustain such taxation, although it may double the taxpayer's burden in 1925, for he escaped the burden in 1924, and on a broad biennial view of the situation, no net injury, therefore, is inflicted.

The foregoing leads to the following

### Conclusions of law.

1. The ordinances adopted Jan. 30, 1925, are valid.

2. No ground for injunction on any point has been established.

3. The injunction prayed for should, therefore, be and hereby is denied.

4. The relief is not denied on the ground not urged of exclusive remedy by appeal in the Quarter Sessions under Borough Code of May 14, 1915, § 9,

art. I, ch. 7, P. L. 312, and we add *obiter dictum* that, in our opinion as well as in the opinion of counsel, the provision is not applicable under the express wording of the Code (ch. I, art. I, § 2) : "This act does not include any provisions, and shall not be construed to repeal any acts, relating to *(inter alia)* the assessment, levy and collection of taxes."

Certain requests have been submitted by counsel for plaintiff which, under the new equity rules, we are not compelled to answer, but, nevertheless, are pleased to answer, as hereto attached.

From F. P. Slattery, Wilkes-Barre, Pa.